## Case No. 14,602.

### UNITED STATES v. BLACK et al.

[1 Hask. 570; 12 N. B. R. 340; 1 N. Y. Wkly. Dig. 77.] [1]

Circuit Court, D. Massachusetts. July, 1875.

WITNESS—COMPETENCY OF DEFENDANT—PROSECUTION UNDER BANKRUPT ACTS.

The defendants are not competent witnesses in their own behalf in their trial on indictment for violation of section 44 of the bankrupt act of 1867 [14 Stat. 539], nor does the act of 1874, c. 390, § 8 [18 Stat. 180], amendatory of section 26 of the same, remove the disability.

Indictment for violating section 44 of the bankrupt act. The defendants [James B. Black and others] pleaded not guilty, and upon their trial offered to testify on their own behalf, but were not allowed to so testify by the court. The verdict was guilty and they move for a new trial for error in excluding them as witnesses.

George P. Sanger, U. S. Dist. Atty.

FOX, District Judge. The defendants doing business at Lynn, as copartners with one Osgood, under the style of Black, Conner & Osgood, having been adjudged bankrupt, at the present term were indicted for violations of the provisions of the forty-fourth section of the bankrupt act, by secreting and concealing a large amount of money belonging to their estate, and also, by fraudulently omitting the same from their schedules. At the trial the defendants were called as witnesses, but being objected to were excluded, and having been found guilty, they now move for a new trial, claiming that they were wrongfully excluded.

Reliance is placed by the learned counsel of the defendants, on a provision found in the act, amendatory of the bankrupt law, approved June 22, 1874, c. 390, § 8, by which it is declared "that the following words shall be added to section 26 of said act. That in all causes and trials, arising or ordered under this act, the alleged bankrupt and any party thereto shall be a competent witness."

---

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission. 1 N. Y. Wkly. Dig. 77, contains only a partial report.]

[In [Doe v. Winn] 11 Wheat. [24 U. S.] 385, the supreme court decided "that all acts in pari materia are to be taken into consideration, and considered one act, in explaining their meaning and import."] [2]

In Brewer v. Blougher, 14 Pet. [39 U. S.] 198, Taney, C. J., says: "It is undoubtedly the duty of the court to ascertain the meaning of the legislature from the words used in the statute, and the subject matter to which it relates; and to restrain its operation within narrower limits than its words import, if the court are satisfied that the literal meaning of its language would extend to cases which the legislature never designed to embrace in it."

The rules of the common law, as to the competency of witnesses in the federal courts, were first modified by the act of congress, approved July 16, 1862, c. 189 [12 Stat. 588], by which it was provided, "that the laws of the states, in which the court shall be held, shall be the rules of decision, as to the competency of witnesses, in the courts of the United States, in trials at common law, in equity and admiralty;" and in 1864, by chapter 210, § 3 [13 Stat. 351], congress further enacted, "that in the courts of the United States, there shall be no exclusion of any witness on account of color, nor in any civil action, because he is a party to or interested in the issue tried;" and these provisions were re-enacted, by section 858 of the Revised Statutes.

It was held, in this circuit, by Mr. Justice Clifford, soon after the passage of these acts, that the law was not thereby changed as to the competency of defendants as witnesses in criminal causes, and they have never been received as witnesses; and this view was sanctioned by the supreme court of the United States, in Green v. U. S., 9 Wall. [76 U. S.] 655. It is also well understood, that the attempt has been repeatedly made, but without success, to induce congress to modify the law in this behalf, and allow persons under indictment, to be examined as witnesses on the trial.

Soon after the passage of the bankrupt law of 1867, the question arose in various districts, as to the competency of the alleged bankrupt, in trials relating to his bankruptcy, and it was claimed with force and plausibility, that the modifications of the law, as to the competency of parties as witnesses, were not broad enough to reach parties to proceedings in bankruptcy, as it was urged, that a petition in bankruptcy under the proceedings under it was not, either a case at common law or in equity or admiralty, and so was not within the operation of the act of 1862, nor was it strictly a civil action so as to fall within the act of 1864. The argument was, that it was in fact a matter sui generis, a proceeding in bankruptcy under the constitution of the United States, and the bankrupt

act passed in pursuance thereof, and that the provisions of law, under which these proceedings in bankruptcy were instituted, not being in force when the modifications of the rules of evidence were established by the acts of congress, proceedings in bankruptcy were not within the provisions of the acts or subject to their operation.

I am advised, that in this district, it was frequently claimed that bankrupts were not competent witnesses in their proceedings in bankruptcy, but it never received the sanction of the court, some of the trials in the administration of the bankrupt law, being considered as coming within the provisions of the act relative to trials at common law, while others perhaps, more properly fell under the class of trials in equity. It is well known that this construction of the law did not meet with the ready approval of all of the courts administering the bankrupt act, and it is believed that in some districts, alleged bankrupts were not received as witnesses.

It appears from the congressional record of the senate, of February 3, 1874, that the chairman of the committee which reported the act, amendatory of the bankrupt law, in explanation of the provisions, now under consideration stated, as follows: "In the third section of our amendments, we have provided merely for the competency of all parties as witnesses in suits by or against the assignee or bankrupt, respecting disputes touching the estate. The rule of law upon this subject in the different states is different, and it was open to some question, whether the existing statutes of the United States, making parties witnesses in all cases, would necessarily cover all these bankrupt questions, and this therefore is a mere formal enunciation of what probably the law is now."

Such being the averred design of congress, and it not being its intent to so modify the law as to admit the defendant to testify in a criminal cause, but merely to make certain and clear of doubt, by a declaratory enactment, the law on this subject, as it then was, is it incumbent on the court by reason of the language employed by congress in the act, to extend it beyond what congress in fact intended to accomplish? Congress had never been willing to admit defendants in criminal cases to testify, and no good reason is apparent why any exception should be made in criminal trials arising under the bankrupt law. It was claimed at the argument that the present case demonstrated the occasion and propriety of the charge, as these defendants alone had full knowledge of the appropriation and use made by them of the money they were charged with secreting and concealing from their assignee; but in all cases, when a party is indicted for a violation of the law, he might with equal propriety claim, that by his own testimony he could afford the most satisfactory explanation of

---

[2] [From 12 N. B. R. 340.]

the circumstances presented against him as proofs of his guilt, and to this extent congress has never been willing to yield its assent.

It will be observed, that the provision now under consideration was designed by congress expressly as· an amendment to section 26 of the bankrupt act. This section it appears relates to the examination of bankrupts, and also authorizes compulsory process for the attendance of other parties as witnesses in the course of the proceedings in bankruptcy, but no where is there found contained in it, any provision which can in any way be made applicable to criminal proceedings. These are all provided for in the forty-fourth section, and from the collocation of this amendment by adding it to the twenty-sixth section which wholly refers to matters not criminal in their character, it may well be inferred as intended to have reference solely to matters ejusdem generis, that of a civil nature, and not in any respect as designed to have relation to criminal proceedings. It is said, that the usual ordinary signification of the language found in this amendment, viz.: "That in all causes and trials arising or ordered under this act, the alleged·bankrupt and any party thereto shall be a competent witness" embraces the case of a defendant in a criminal prosecution under the forty-fourth section of the law; it is quite manifest that the words "trials ordered under this act" were designed to apply to the various trials which the act itself specially contemplates may be ordered by the court, in the course of the proceeding in bankruptcy, such as whether an act of bankruptcy has or not been committed by the party, or whether under the thirty-first section, he is entitled to a discharge when opposed by his creditors. In these cases a juiy trial may be ordered by the court, and this amendment would allow the party to be examined as a witness.

It is also declared by the amendment, "that in all causes arising under this act the alleged bankrupt and any party thereto may be a witness." A· cause may undoubtedly be either of a civil or criminal nature, and the present indictment not only arises from a violation of the forty-fourth section of the act, but it derives its entire stay and support from that section, and from none other whatever. It must therefore be admitted, that those words are sufficient to include the present cause, and that without any forced construction, the letter of the amendment would have authorized the court to receive the defendants as witnesses; but as was said b; Parks, B., in Lyde v. Barnard, 1 Mees. & W. 113: "Words may be construed in a sense different from their ordinary one, when the act is intended to remedy some existing mischief; and such a construction is required to render the remedy effectual, for we must always construe an act, so as to suppress the mischief and advance the remedy. We must therefore endeavor to ascertain what the mischief intended to be remedied was. The framer of the act has not enabled us to determine this by any recital in the section itself, and we are therefore left to infer it from our knowledge of the state of the law at the time, and of the practical grievances generally complained of." It appearing that uncertainties previously did exist on this matter. and that the purpose of congress was to remove these uncertainties, and in the language of Senator Edwards "to provide merely for the competency of all the parties as witnesses, in suits respecting disputes concerning the estate," the court feels fully authorized to limit the operation and effect of the language found in the act, to the suppression of the mischief contemplated by congress, and not to so extend it, as to reach a class of cases which congress had on various occasions refused to relieve and provide for, by any such legislative sanction as it is now claimed this amendment has afforded them.

The construction of this provision of the act being novel and important, I have felt authorized to consult with Mr. Justice CLIFFORD in relation to it, and am authorized by him to say that he concurs in this opinion. Motion overruled.

[For another case involving this bankruptcy, see Case No. 1,459.]